**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01844-001-TUC-JGZ (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Natalia Castro-Sainz, | |
| Defendant. | |

Pending before the Court is Defendant Natalia Castro-Sainz's request for compassionate release. (Docs. 94, 99.) The request has been fully briefed. (Docs. 106, 108.) Based on its consideration of the 18 U.S.C. § 3553(a) factors, the Court will deny the request.

**I.   Background**

After a jury trial, Ms. Castro-Sainz was found guilty of Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 846; Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C); Conspiracy to Import Methamphetamine, in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1) and 21 U.S.C. § 960(b)(3); and Importation of Methamphetamine, in violation of 21 U.S.C. § 952(a), 21U.S.C. § 960(a)(1) and 21 U.S.C. § 960(b).  On November 16, 2017, she was sentenced to 72 months' imprisonment, followed by 3 years of supervised release.

On May 10, 2019, Ms. Castro-Sainz filed a pro se motion to modify her sentence

pursuant to the First Step Act, citing her failing health and need to care for her husband who is ailing. (Doc. 88.) The Court denied the request, finding that many of Ms. Castro-Sainze's medical conditions were present when she was sentenced and there was no evidence that her ability to perform self-care had diminished. The Court also noted that Ms. Castro-Sainz had not served fifty percent of her six-year sentence. (Doc. 93.)

In her request for compassionate relief, Ms. Castro-Sainz requests that the Court reduce her sentence to time served based on her health risks and the conditions at her place of incarceration. Ms. Castro-Sainz documents the heightened health risks she faces, in light of the COVID-19 pandemic, due to her chronic heart failure, atrial fibrillation, Type II diabetes mellitus, severe liver disease, and hypertension. Ms. Castro-Sainz has now served approximately 38 months of her sentence and, according to the BOP website, is projected to be released May 29, 2022.

## II.   Motion for Compassionate Relief

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Ms. Castro-Sainz's health conditions, in light of the COVID-19 pandemic, constitute extraordinary and compelling reasons allowing compassionate release, but concludes that a reduction in her sentence is not appropriate in light of the 18 U.S.C. § 3553(a) factors and applicable policy statements. Ms. Castro-Sainz committed a serious crime when she imported approximately 8.5 kilograms of 100% pure methamphetamine into the United States. The quantity of methamphetamine had the

---

[1] A defendant must also exhaust administrative remedies before bringing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Ms. Castro-Sainz has exhausted her administrative remedies. (Doc. 108, p.3; Doc. 88-1; Doc. 107.)

potential to reach a substantial number of individuals, resulting in adverse consequences to many. Ms. Castro-Sainz entered the Nogales Port of Entry on September 1, 2016, in the early morning hours, presumably to avoid being referred for further inspection through the Z-Portal. Immigration crossing records indicated that Ms. Castro-Sainz's vehicle had crossed through the Port on 10 prior occasions, nine of the occasions before 6:00 am, the time after which the Z-portal typically opened for use. (Doc. 83)

Ms. Castro-Sainz did not accept responsibility for the crime until days before sentencing. She put the government to its burden of proof at trial. She testified untruthfully at trial. The jurors rejected her untruthful story. Ms. Castro-Sainz denied responsibility again during her interview with the Probation Officer. Two weeks before her scheduled sentencing hearing, Ms. Castro-Sainz admitted her guilt. She apologized to the probation officer, government and the court for being dishonest during the first presentence interview. She expressed remorse for transporting illegal drugs and for wasting court resources by dragging out proceedings when she was actually guilty of the offense. She admitted that she knew there were drugs hidden in her vehicle, she knew it was illegal to transport methamphetamine and she realized she would go to jail if apprehended. (Doc. 83.)

In fashioning an appropriate sentence, the Court took into account Ms. Castro-Sainz's acceptance of responsibility (albeit late), her substance abuse, and her role in the offense. The Court considered Ms. Castro-Sainz's age and medical condition. The Court granted a significant variance, imposing a sentence of 72 months, where the advisory guideline sentencing range was 292-365 months. Although the current health crisis is a new circumstance that was not present at the time of sentencing, in light of the § 3553(a) factors, the Court concludes that a further reduction would not "'comply with the purposes' of imprisonment, such as deterrence, punishment, and public safety." *See United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (quoting 18 U.S.C. § 3553(a)). Based on the totality of Ms. Castro-Sainz's personal history and characteristics, the seriousness of her offense, the need for deterrence and to promote respect for the law, the Court will deny the

request for compassionate release.

### III. Subsequent Filings

On January 13, 2021, Ms. Castro-Sainz sent the court a letter requesting new counsel. (Doc. 110.) The Court will construe the letter as a motion for new counsel and deny the request. Ms. Castro-Sainz states that her attorney has not responded to her emails and calls and she is concerned that he is too busy to represent her. (*Id*.) Counsel of record has filed a motion for compassionate relief (Doc. 99), a reply to the government's response (Doc. 108) and supplemental records (Doc. 109 - filed October 6, 2020.) Counsel has provided all of the necessary documentation for this Court to consider Ms. Castro-Sainz's request for reduction of sentence, and any delay is attributable to the Court's consideration of the information presented. As the matter is fully briefed, new counsel is unnecessary.

Also pending before the Court is a Request for a Status Conference (Doc. 111), filed by Ms. Castro-Sainz's attorney, presumably in response to his client's letter at Doc. 110. Having reviewed the parties' submissions and the records, the Court concludes that a status conference is not necessary.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 99) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Reduce Sentence (Doc. 94) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of New Counsel (Doc. 110) is **DENIED**, and Defendant's Motion for Status Conference (Doc. 111) is **DENIED**.

Dated this 27th day of January, 2021.

Honorable Jennifer G. Zipps
United States District Judge